UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALFRED VILLANEDA,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES TILTON, WARDEN,<br><br>　　　　Respondent. | Case No. EDCV 08-00824 SVW (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Alfred Villaneda ("Petitioner"), a state prisoner proceeding with counsel. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises four claims directed at Petitioner's underlying convictions that he sustained following a jury trial in the Riverside County Superior Court (No. RIF-107908) on April 13, 2004. (Pet. 2.) For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

Page 1

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, the face of the Petition, accompanying lodged documents,

and relevant state court records[1] show Petitioner sustained his underlying conviction on April 13, 2004, and was sentenced on August 11, 2006. (Pet. 2.) The Petition and relevant state court records also establish that the California Supreme Court denied his petition for review on June 21, 2006, and that Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 4; Official records of California courts.) Therefore, for purposes of AEDPA's limitation period, his judgment became final on September 19, 2006, which is the ninetieth day after his petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, September 20, 2006, and ended a year later on September 19, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed the deadline because he did not file the pending Petition until June 19, 2008[2] -- 280 days after the statute expired. Therefore, the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

---

[1] The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2] Petitioner is not entitled to the benefit of the "mailbox rule" because he is represented by retained counsel; only *pro se* prisoners are entitled to the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

## C.   Statutory Tolling

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001).  Further, the limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval.  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner did not file his first state habeas petition with the Riverside County Superior Court (No. RIC483026) until October 9, 2007, twenty days after the expiration of the limitation period.  Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed long after the limitation period expired.[3]  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year

---

[3]   *See also In re Alfred Villaneda on Habeas Corpus*, No. E045533, Cal. App. Ct., 4th Dist./Div. 2 (filed Apr. 11, 2008, denied Apr. 18, 2008); and *Villaneda (Alfred) on H.C.*, No. S163087, Cal. Supreme Ct. (filed Apr. 29, 2008, denied June 18, 2008).

Page 4

1 limitation period if it has already expired); *see also Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003.  Therefore, the face of the Petition, accompanying lodgments, and state court records establish that this Petition, filed on June 19, 2008, is untimely by 274 days (the amount of untolled time between the limitation deadline (09/19/07) and the Petition's filing date (06/19/08)).[4/]

**D.    Alternative Start of the Statute of Limitations**

**1.    State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

**2.    Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. §

---

[4/]    Petitioner's prior § 2254 petition filed on April 4, 2008, has no bearing on the Court's timeliness analysis herein. (No. EDCV 08-2234-SVW (AN). Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found, *inter alia*, the petition was plainly time-barred, and on April 11, 2008, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred ("4/11/08 OSC"). Subsequently, on April 23, 2008, Petitioner filed a Notice of Voluntary Dismissal of the petition. (Docket No. 6.) As discussed above, Petitioner files the ensuing Petition that is still time-barred for the same reasons set forth in the 4/11/08 OSC, and in this pending Petition.

2244(d)(1)(C). The face of the Petition does not set forth any facts that show Petitioner is entitled to relief under this provision.

### 3.   Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

## E.   Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## O R D E R

Based upon the foregoing, the Court finds the Petition lodgments, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **July 16, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created

impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: June 25, 2008               /s/   ARTHUR NAKAZATO
                                         ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE