FILED
CLERK, U.S. DISTRICT COURT
OCT 28 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALFRED VILLANEDA,<br><br>    Petitioner,<br><br>v.<br><br>JAMES TILTON, WARDEN,<br><br>    Respondent. | Case No. EDCV 08-00824 SVW (AN)<br><br>**MEMORANDUM AND ORDER DISMISSING HABEAS PETITION AS TIME-BARRED** |

Before the Court is a petition for a writ of habeas corpus ("Petition") brought pursuant to 28 U.S.C. § 2254 by Alfred Villaneda ("Petitioner"), a state prisoner represented by retained counsel. For the reasons discussed below, the Petition is dismissed with prejudice because the Court finds it is time-barred.

///
///
///

## I. BACKGROUND

The Petition raises four claims for relief, all of which are directed at Petitioner's underlying first degree murder conviction with the use of a firearm enhancement -- not his sentence or re-sentencing -- that he sustained following a jury trial in the Riverside County Superior Court (No. RIF107908) on April 13, 2004. (Pet. 2.)

The Petition and relevant state court records attached as lodgments show Petitioner appealed his judgment of conviction to the California Court of Appeal (No. E036670); on March 16, 2006, the intermediate state appellate court affirmed the judgment of conviction, reversed the sentences on counts 3, 4, 5, and 6, and remanded the case to the trial court for re-sentencing on these counts. (Pet. 3; Lodgments 1, 2, 7 at 37.) While Petitioner was awaiting his re-sentencing, he filed a petition for review challenging his judgment of conviction with the California Supreme Court (No. S142679) that was summarily denied on June 21, 2006. (Pet. 4; Lodgment 3.) On August 11, 2006, the trial court re-sentenced Petitioner as directed by the California Court of Appeal. (Pet. 2; Lodgment 11 at 4.)

Thereafter, Petitioner also sought collateral review of his underlying judgment of conviction but not his original sentence or re-sentencing. On October 9, 2007, he filed his first state habeas petition with the Riverside County Superior Court (No. RIC483026) that was denied on November 7, 2007. (Pet. 4; Lodgments 4, 5.) On April 11, 2008, Petitioner filed a habeas petition in the California Court of Appeal (No. E045533) that was summarily denied on April 18, 2008. (Pet. 4; Lodgments 6, 7, 8.) Finally, on April 29, 2008, Petitioner filed a state habeas petition in the California Supreme Court (No. S163087) "solely to exhaust state remedies for federal habeas corpus purposes" that was summarily denied on June 18, 2008. (Pet. 4; Lodgments 9, 10.)

///

///

On June 19, 2008, Petitioner, through his retained counsel, filed the pending Petition. Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found the face of the Petition and accompanying relevant state court records plainly disclosed that this action was barred by the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on June 25, 2008, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred absent some other basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). (*See* June 25, 2008, Order to Show Cause Re Dismissal of Habeas Petition As Time-barred ("OSC")). The OSC discussed various bases for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response no later than July 16, 2008. (OSC 6:20-23.) The OSC warned Petitioner that his failure to file a timely response to the OSC would result in a waiver of his right to respond to the OSC, and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC 7:7-12.) On July 16, 2008, Petitioner filed a timely response to the OSC ("OSC Response"). The matter now stands submitted.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it

that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Petition is governed by AEDPA, which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date. 28 U.S.C. § 2244(d)(1); *See Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner sustained his underlying judgment of conviction on April 13, 2004, and was later re-sentenced on August 11, 2006. (Pet. 2; Lodgment 11 at 4.) The California Supreme Court denied his petition for review on June 21, 2006, and Petitioner never filed a petition for certiorari with the United States Supreme Court. (Pet. 4; Lodgment 3.) Therefore, for purposes of AEDPA's limitation period, his judgment became final on September 19, 2006, which is the ninetieth day after his petition for review was denied by the California Supreme Court and the time for Petitioner to file a petition for certiorari with the Supreme Court expired. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The limitation period then started to run the next day, September 20, 2006, and ended a year later on September 19, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Therefore, Petitioner missed the deadline because

Page 4

his retained counsel did not file[1] the pending Petition until June 19, 2008 -- 280 days after the statute expired.

By way of his OSC Response, Petitioner argues the statute of limitations should be measured, for purposes of triggering the one-year limitation period, from August 11, 2006, the date of his re-sentencing, rather than April 13, 2004, the date he sustained his judgment of conviction. (OSC Response 2, 4.) In this regard, Petitioner asserts that his judgment of conviction was not "final" until October 10, 2006, which is the sixtieth day after he was re-sentenced in the trial court and the time for Petitioner to file a petition for review on the re-sentencing with the court of appeal expired. (*Id.*) Thus, Petitioner argues the limitation period started running on October 11, 2006, and expired on October 10, 2007. (*Id.*)

Petitioner's argument lacks merit.

At the outset, the Court finds Petitioner's reliance on *United States v. Colvin*, 204 F.3d 1221 (9th Cir. 2000) and *United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005) is misplaced because neither of these cases involved challenges to habeas petitions under 28 U.S.C. § 2254, but rather, they involved motions to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255.

Equally, if not more, misplaced is Petitioner's reliance on *Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 1003); *Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000); and *Maharaj v. Sec'y of Dep't of Corr.*, 304 F.3d 1345, 1346 (11th Cir. 2002). Petitioner contends these opinions support his contention that the statue of limitations begins to run on the date the re-sentencing judgment became final and not the date the original judgment became final. (OSC Response 2:15-26.) However, Petitioner ignores that all of these cases are factually distinguishable in a material respect.

---

[1] Petitioner is not entitled to the benefit of the "mailbox rule" because he is represented by retained counsel; only *pro se* prisoners are entitled to the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).

Page 5

Specifically, *Walker*, *Hepburn*, and *Maharaj* involved situations where the petitions raised claims directed at the petitioner's re-sentencing judgment. Here, Petitioner's Petition is solely and unequivocally directed at challenging his *original* judgment of conviction. (Pet. 2.)

Based on the foregoing analysis, and consistent with the OSC, the Court finds the pending Petition is time-barred unless Petitioner is entitled to statutory or equitable tolling, or an alternate start date to AEDPA's statute of limitations period under 28 U.S.C. § 2244(d)(1).

### C.   Statutory Tolling

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001). Further, the limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner did not file his first state habeas petition with the Riverside County Superior Court challenging his underlying conviction until October 9, 2007, twenty

Page 6

days after the expiration of the limitation period. Consequently, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed long after the limitation period expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *see also Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Therefore, the face of the Petition and relevant state court records establish that this Petition, filed on June 19, 2008, is untimely by 274 days (the amount of untolled time between the limitation deadline (09/19/07) and the Petition's filing date (06/19/08)).[2/]

### D. Alternative Start of the Statute of Limitations

Preliminarily, in his OSC Response, Petitioner asserts that, because his Petition is timely under § 2244(d)(1)(A), "it is not necessary" to rely upon any of the provisions for an alternate start date to AEDPA's statute of limitations period under § 2244(d)(1)(B)-(D). (OSC Response 5:9-15.) Regardless, as the ensuing analysis makes clear, Petitioner is not entitled to relief under these provisions.

#### 1. State-Created Impediment

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

---

[2/] Petitioner's prior § 2254 petition filed on April 4, 2008, has no bearing on the Court's timeliness analysis herein. (No. EDCV 08-2234-SVW (AN). Pursuant to the Court's duty to screen § 2254 petitions, the Magistrate Judge found, *inter alia*, the petition was plainly time-barred, and on April 11, 2008, the Magistrate Judge issued an order to show cause that notified Petitioner the action appeared to be time-barred ("4/11/08 OSC"). Subsequently, on April 23, 2008, Petitioner filed a Notice of Voluntary Dismissal of the petition. (Docket No. 6.) As discussed above, Petitioner files the ensuing Petition that is still time-barred for the same reasons set forth in the 4/11/08 OSC, and in this pending Petition.

Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and relevant state court records do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2. Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The face of the Petition and relevant state court records do not set forth any facts that show Petitioner is entitled to relief under this provision.

### 3. Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and relevant state court records do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

### E. Equitable Tolling

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and relevant state court records do not set forth any facts that show Petitioner is entitled to relief under this provision.

///

# ORDER

The Court finds the Petition must be dismissed because it is time-barred for the reasons stated above and in the Court's OSC. Further, by way of the OSC, the Court finds Petitioner has already received notice and an opportunity to show cause why the Petition should not be dismissed as time-barred, which Petitioner has taken advantage of by filing his aforementioned OSC Response. In this regard, the Court has reviewed the OSC Response and finds the objections to the OSC lack merit, therefore, the objections are overruled. ACCORDINGLY, IT IS HEREBY ORDERED THAT the reference to the Magistrate Judge is vacated and the Petition is dismissed with prejudice. The Clerk is directed to enter judgment dismissing the action with prejudice. Any and all pending motions are terminated.

DATED: October 22, 2008

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge